[No. B154298. Second Dist., Div. Five. Mar. 14, 2002.]

MAXINE R. RICHTER, Plaintiff and Appellant, v.
AETNA LIFE INSURANCE AND ANNUITY COMPANY et al.,
Defendants and Appellants.

1144

**COUNSEL**

Gianelli & Morris, Robert S. Gianelli and Sherril Nell Babcock for Plaintiff and Appellant.

Barger & Wolen, Martin E. Rosen, Bruce A. Berman and Jason Orlandi for Defendants and Appellants.

**OPINION**

TURNER, P. J.— ▉ Plaintiff, Maxine R. Richter, has moved to dismiss the January 16, 2002, protective cross-appeal of defendants, Aetna Life

Insurance and Annuity Company and Mutual of Omaha. The resolution of the dismissal motion is controlled by new rule 3(e)(2) of the California Rules of Court, which was effective January 1, 2002. We deny the dismissal motion.

On November 1, 2001, plaintiff filed a notice of appeal from portions of the September 4, 2001, judgment. Neither side was entirely satisfied with the September 4, 2001, judgment. On November 19, 2001, upon the motion of defendants, the trial court entered a new and different judgment pursuant Code of Civil Procedure section 664. The November 19, 2001, new and different judgment was in favor of defendants. On December 27, 2001, plaintiff filed a notice of appeal from the November 19, 2001, new and different judgment. On December 28, 2001, the superior court clerk notified defendants by mail that plaintiff had filed the December 27, 2001, notice of appeal from the November 19, 2001, new and different judgment. On January 16, 2002, defendants filed a notice of cross-appeal from the portions of the original September 4, 2001, judgment with which they disagreed. As noted earlier, neither side was fully content with the original September 4, 2001, judgment. The January 16, 2002, notice of cross-appeal states, "This cross appeal is filed protectively, should the Court overrule the trial court's order, vacating the prior judgment and entering a new and different judgment, entered on November 20, 2001." Plaintiff has moved to dismiss the January 16, 2002, cross-appeal as untimely.

The dismissal motion is denied. The notice of cross-appeal was filed after January 1, 2002. Therefore, the relevant court rules are those in effect when the January 16, 2002, notice of cross-appeal was filed. The pertinent provision of law is new rule 3(e)(2) of the California Rules of Court, effective January 1, 2002, which states: "(e) Cross-appeal [¶] . . . [¶] (2) If an appellant timely appeals from . . . an order granting—within 150 days after entry of judgment—a motion to vacate the judgment . . . the time for any other party *to appeal from the original judgment* or from an order denying a motion for judgment notwithstanding the verdict is extended until 20 days after the clerk mails notification of the first appeal." (Italics added.) Defendants have cross-appealed from the adverse portions of the September 4, 2001, judgment. Defendants' January 16, 2002, notice of cross-appeal does not raise any issue concerning the November 19, 2001, new and different judgment. Once the November 19, 2001, new and different judgment was entered and plaintiff appealed, the time for filing a notice of cross-appeal "from the original judgment" was extended until 20 days after the superior court clerk on December 28, 2001, notified defendants that plaintiff's December 27, 2001, notice of appeal was filed. (Cal. Rules of Court, rule 3(e)(2).) The filing of the notice of cross-appeal on January 16, 2002, was

within 20 days of the December 28, 2001, mailing by the superior court clerk of the notice that plaintiff had appealed on December 27, 2001, from the November 19, 2001, new and different judgment. Hence, defendants' January 16, 2002, notice of cross-appeal was timely filed. Defendants may therefore litigate those adverse portions of the initial September 4, 2001, judgment.

The dismissal motion is denied.

Armstrong, J., and Mosk, J., concurred.